## No. 11,349.

STATE EX REL. D. GEORGE HUMPHREYS ET AL. VS. G. A. RICHARDSON ET ALS.

Where the issue in a case is not the right of ownership of specific property, but of the possession thereof, it is the value of the latter right which determines the jurisdiction on appeal of the Supreme Court.

A PPLICATION for *Certiorari.*

*Wade R. Young* for the Relator.

*John B. Stone* and *W. M. Murphy* for the Respondents:

Relators voluntarily submitted to the jurisdiction of the Court of Appeals and made no exception thereto; this court will refuse to inquire into the question of jurisdiction of the Court of Appeals, where relators have not first excepted thereto without avail. State ex rel. Steele, 38 An. 569; C. P. 847; 10 Rob. 169; 29 An. 806; 37 An. 845; C. P. 846, 849; State ex rel. vs. Shakespeare, 40 An. 608, in which the court held: "The cases in which this has been held are so numerous that it would be cumbersome to enumerate them all." Citing 29 An. 306; 37 An. 845; 38 An. 569, 920.

In a suit where the plaintiff claims a certain amount or a thing of a certain value, and the defendant in his answer admits owing or confesses judgment for a part of the thing or amount claimed the amount in dispute will be the difference between the sum or value claimed, and the sum or value admitted or confessed, or disclaimed. 32 An. 930; 33 An. 1089; 35 An. 346; 26 An. 291.

---

The opinion of the court was delivered by

NICHOLLS, C. J. Relators aver that they own and possess a certain cotton plantation described in their petition, known as the Dalkeith

plantation, situated in Madison parish, and that G. A. Richardson owned and possessed the Maryland plantation which adjoined the same. That in June, 1892, having reason to believe that Richardson had trespassed and taken possession of a part of the lands of the Dalkeith plantation and was cultivating the same, they instituted an action of boundary against him in the District Court of Madison to have the limits of their respective plantations fixed. That defendant, though cited, allowed said action to go by default, and in a survey made under the order of the court, about October, 1892, it was shown that he had trespassed and taken possession of a certain part of the lands of said Dalkeith plantation. That though notified by said survey that he had trespassed on the lands of relators, and was not within the limits of the Maryland plantation as described in his deed, he retained the possession of said lands and refused to surrender the possession of the same to relators, falsely pretending that he and his authors had acquired said lands by the prescription of thirty years. That relators were thus forced to institute a petitory action against him to be recognized as owners and put in possession of said land, and about December, 1892, filed their petition in which they claimed the ownership and possession of said lands of the value of twenty-five hundred dollars, and revenues for the year 1892 to the amount of about two hundred and fifty dollars. That said petition was duly filed and served and defendant was cited to answer, and the testimony of John Balfour, the husband of one of the authors of his title, taken in pursuance of a commission as to the character of the possession of the defendant and his authors of said lands. That it was disclosed by the testimony of said Balfour that the possession of his said wife had been permissive and with the consent and knowledge of the owners of the Dalkeith plantation, and that there was no adverse possession to serve as a foundation for the prescription of thirty years set up by defendant.

That the defendant, upon the publication of that testimony, abandoned his claim to the ownership of said lands and filed an answer to the petition at the January term, 1893, in which he disclaimed title to said lands but claimed to have been a possessor in good faith and not liable to account for revenues, and reconvened for compensation for improvements and ameliorations.

That the action was consolidated with the action of boundary standing on default, and, after trial had and evidence adduced, the

State ex rel. Humphreys et al. vs. Richardson et als.

district judge rendered judgment homologating the report of the sur-
veyor, fixing the limits between the respective plantations, recog-
nizing the plaintiff as the owner of the lands in controversy and
entitled to the possession thereof, and condemning defendant as a
possessor in bad faith to account for the revenues for the year 1892
to the amount of about $250, and to remove, (as elected by the
plaintiff), the building erected by him on the lands, and rejected his
claim for ameliorations, inseparable in their nature from the soil,
and condemned him to pay all the costs of both suits.    That defend-
ant took a suspensive appeal from said judgment, returnable to the
Circuit Court of Appeals for the Second Circuit, at its October term,
1893, and counsel for petitioners having through error believed the
appeal to be within the jurisdiction of said court, and said court
having inadvertently overlooked the fact that the appeal could only
be taken to the Supreme Court, assumed jurisdiction and reversed
the judgment of the District Court, found defendant to have been a
possessor in good faith and not liable for revenues, and condemned
plaintiffs to pay him one hundred and fifty dollars for the building
erected by him on the land, and to pay one-half the costs of the
action of boundary.    That a petition for rehearing was filed and the
rehearing denied, and said judgment and decree have become final,
and the term adjourned.    That they have been advised since the
adjournment of said court that its judgment and decree reversing
the judgment of the District Court is absolutely null and void and
of no effect for want of jurisdiction *ratione materiæ*, and that the
judgment of the District Court, so attempted to be reversed, is still
of full force and effect until reversed by the Supreme Court.    That
they have been advised that the Supreme Court, under Articles 864
and 865 of the Code of Practice, has denied the writ of *certiorari* to
the courts of original jurisdiction unless there has been an excep-
tion or some form of objection to the jurisdiction of the court pre-
sented, and acted on by said court, but they have also been advised
that it has uniformly held that neither consent nor neglect of par-
ties can absolve the court from their duty to obey the Constitution.
That the judgment of a court which lacks jurisdiction *ratione
materiæ* is an absolute nullity which can not be sanctioned by the
ignorance of parties or neglect to object to the jurisdiction, nor by
the error or inadvertence of the judge in usurping jurisdiction, and
that as the District Court is without jurisdiction to entertain a de-

mand for the nullity of the judgment of the Circuit Court of Appeals, relators can only have relief by the writ of *certiorari* from the Supreme Court.

That if the failure of their counsel to object to the jurisdiction of the Court of Appeals was to sanction the proceedings complained of, such sanction was given in error and ought not to deprive relators of their constitutional right to have the judgment of the District Court reviewed by the Supreme Court, and by that court only. In view of the premises relators prayed for a writ of *certiorari*, directed to the judges of the Circuit Court of Appeals for the Second Circuit, commanding them to send up a copy of the proceedings in the suit of D. George Humphreys et al. vs. G. A. Richardson, to the end that their validity may be ascertained and that the execution of the judgment of the Court of Appeals against relators be arrested by enjoining G. A. Richardson from proceeding further until the validity of the proceedings has been pronounced upon, and that the Supreme Court would avoid the proceedings in said suit in the Circuit Court of Appeals and direct the judges of said court to dismiss the appeal in said suit for want of jurisdiction *ratione materiæ*.

An alternative writ having been issued E. C. Montgomery, one of the judges of the Court of Appeals, filed an answer, accompanied by a certified copy of the record of the proceedings referred to.

The answer declares that the Circuit Court was vested with and properly exercised jurisdiction of said appeal for the reason that the amount in dispute, as shown by the pleadings, was less than two thousand dollars (Articles 81 and 95 of the Constitution). That the boundary suit and the petitory action in the District Court alluded to, were there consolidated after the answer in the petitory action was filed, and one judgment was rendered in the consolidated cases, and from this judgment G. A. Richardson (defendant therein) appealed to the Second Circuit Court. That on October 23, 1893, the plaintiff (relator herein) filed an answer to this appeal, praying an amendment and affirmance of the judgment appealed from. That no plea to the jurisdiction of the Circuit Court was filed.

That after judgment was rendered by the Circuit Court the plaintiff applied for a rehearing, but did not question the jurisdiction of the Circuit Court.

That in the boundary suit (suit No. 993) plaintiffs alleged their interest in fixing the boundaries to be one thousand dollars. That defendant filed no answer in that suit.

That the petitory action (suit No. 1025) was for lands claimed to be worth twenty-five hundred dollars and one year's revenue, three hundred and fifty dollars. That the answer in that suit admitted plaintiff's ownership and right to the land, and admitted that defendant had possession of and cultivated, in 1892, twenty-five acres of the land claimed, and that believing the land to be a part of the Maryland plantation and his property he had made valuable improvements on it, and claimed three hundred and twenty-five dollars for improvements. That the fact that land alleged to be worth twenty-five hundred dollars was *claimed* in that suit was apparent, but that it was equally apparent that defendant admitted plaintiffs' ownership, and the only amount in *dispute* was plaintiff's claim for revenues, three hundred and fifty dollars, and defendant's claim for improvements, three hundred and twenty-five dollars, and that on the authority of repeated decisions the Circuit Court entertained jurisdiction of the appeal for the reason that the amount actually in dispute was less than two thousand dollars.

The initial proceeding in the District Court was one of boundary between the relators and G. A. Richardson, in which they declared that their interest in fixing the boundaries was one thousand dollars. This was followed some time after by what is referred to as a petitory action, which, on subsequent motion of the plaintiffs, was consolidated with the boundary suit and the two tried together and disposed of by a single judgment. The defendant filed his answer after the consolidation. As the pleadings in the second case, so far as they have a bearing on the question before us, are short, we think that by transcribing them we will more clearly than in any other way show its character and the legal situation of the parties.

In their petition in the second proceeding relators say " they are the plaintiffs to the suit now pending on the docket entitled D. George Humphreys *et al.* vs. G. A. Richardson, in which they demanded a fixing of the bounds between the Dalkeith plantation of petitioners and the Maryland and Hermion plantations of Richardson. That the report of the surveyor, which has been returned, has disclosed that Richardson has possession or claims to have possession of a part of the land within the limits of the Dalkeith plantation, being parts of the N. W. quarter and the S. E. quarter of Section ——, in T. 16, R. 13 E., lying south of the lake and slough running through said quarter sections and between said lake and

slough and the Maryland plantation, of the value of two thousand five hundred dollars; that Richardson does not oppose the homologation of the report of the surveyor, but asserts title to said land and refuses to surrender possession to petitioners, and is receiving the rents, of the value of three hundred and fifty dollars per year; wherefore they pray that said Richardson be cited to answer this demand and to disclaim the possession so asserted, or to disclose the title by which he claims the lands, and that petitioners be recognized as the owners thereof and put into possession and recover the rents, of the value of three hundred and fifty dollars per year, from January 1, 1892, and for general relief and costs. That petition was filed January 6, 1893.

On the 24th January, 1893, defendant filed his answer, which was as follows:

"Now comes G. A. Richardson, defendant herein, and for answer disclaims that he is the owner or possessor of the land sued for except about twenty-five acres of land in the N. W. quarter of Section (1) one, which he cultivated by leasing out during the year 1892, believing at the time that it formed a part of the Maryland plantation, owned by respondent, which it adjoined. That when respondent became the purchaser of said Maryland plantation he believed that said twenty-five acres belonged to and formed a part of said plantation, but has recently discovered that he was in error in so believing. That in good faith believing that he was the owner of said twenty-five acres he has placed thereon one house at a cost of $175, which has benefited said land and enhanced its value to said extent, and is worth said sum. That said twenty-five acres of land was grown up with bushes and undergrowth so that respondent had to clear up same at a cost of $150 before he was able to cultivate same in 1892, which cutting has benefited the land and enhanced its value to said extent, and that the condition of said land, by reason of having been so recently cleared, in 1892, was such that respondent was able to rent same for only a nominal rent, realizing much less therefor than it cost him to put it in a state of cultivation. Respondent prays that plaintiffs' demand for revenues be rejected and that he have judgment in reconvention against them for the value of said house, or permitting him to remove same, and for judgment for the sum of one hundred and fifty dollars, cost and value of clearing said land, being the amount of its enhanced value, and for costs and full and equitable relief."

On 13th April, 1893, plaintiffs filed in court a paper in which they declare that "they tender to the defendant the right to remove the building claimed to be erected by him on the land of plaintiffs, and for which he seeks to claim, in reconvention, $175 on account of its enhancing the value of the soil, and consent to relinquish all their right accorded them by law of retaining the said property (cabin) on reimbursing its relative value to the land, and consent to the removal of the same off their land, and pray that such may be so ordered."

On the 14th April, 1893, the District Court rendered a judgment as follows:

"These two consolidated cases being regularly fixed for trial and taken up and tried, and the law and the evidence being in favor of plaintiffs in the case No. 993 and the judgment by default rendered in said case No. 993 not being set aside after the lapse of two judicial days, and the defendant having failed to answer, and the plaintiffs having proved their demand, it is ordered, adjudged and decreed that there be judgment homologating and approving the survey made by the parish surveyor as shown by his plat and *proces verbal* of said survey herein filed, and fixing the bounds between the property as therein stated. It is ordered that said plat of the said survey be made a part of this judgment. It is also ordered and decreed that the defendant, Richardson, pay all costs of said suit No. 993.

"And by reason of the issue joined in case No. 1025 by the defendant, and the law and the evidence being in plaintiffs' favor, and said case being regularly tried on said issue, it is ordered, adjudged and decreed that plaintiffs have judgment recognizing them as the owners of the land described in his petition and herein sued for, being part of N. W. quarter and S. E. quarter of Section 1, in T. 16, R. 13 E., lying south and west of the lake and slough running through said quarter section as shown by the plat aforesaid, and that they be quieted in their title and possession thereof. It is also ordered that plaintiffs do have and recover of the said defendant two hundred and thirty-one dollars on account of the revenues of said property for the year 1892. It is further ordered and decreed that the demand of the defendant for compensation on account of clearing the land be rejected at his cost, and it appearing that the plaintiffs have elected to not retain the cabin built upon said land it is ordered and decreed that the defendant remove the same off said land.

"It is ordered that the defendant pay costs of suit No. 1025. In the matter of the taxing of the surveyor's costs on the rule filed by the plaintiffs (except as to the sum of $50, proved to have been paid by plaintiffs, which is here taxed), it is ordered that the balance of costs be left open for further trial of said rule."

The defendant made two motions for a suspensive appeal from this judgment and obtained two orders of appeal—one returnable to the Circuit Court, the other to the Supreme Court, and furnished bond and security under both orders, The transcript, however, was lodged in the Circuit Court. The appellees appeared in that court and filed an answer praying an affirmance of the judgment, but amended so as to allow fifty dollars for the fees of Searles, surveyor and civil engineer, as an expert, as prayed for by the plaintiffs.

The Circuit Court ordered that the judgment in suit No. 993 be amended by decreeing that plaintiffs and defendant pay costs of said suit (including the cost of survey) equally, and that the judgment in suit No. 1025 be amended by rejecting plaintiffs' demand for rents and for the removal of the tenant house, and decreed that the defendant recover of plaintiffs on his reconventional demand the sum of one hundred and fifty dollars, value of material or workmanship (or enhanced value of the soil). It is further ordered that in other respects the judgment appealed from stand affirmed; defendant to pay costs of suit No. 1025 in the District Court and plaintiffs to pay the costs of appeal.

Relators made an unsuccessful application for a rehearing.

The present application followed.

From an examination of the pleadings in the second proceeding it appears that whilst relators anticipated the possibility that the defendant Richardson might contest the ownership of the tract of land of which they alleged him to be in possession, they were by no means certain of the position he would take in the event of a suit, or certain what would be the issues to which such a suit would give rise. Their petition was tentative in its character, though its ultimate prayer was that they be recognized as owners of the land; that they be put in possession and that they recover the rents of the value of $350 per year from January 1, 1892. The defendant upon coming into court at once declined the issue of ownership which they tendered, which, if accepted, would have made the action petitory. He admitted that through error he was in possession of twenty-five acres of the tract, but he averred that his possession

was in good faith. In view of that fact he reconvened, praying for judgment for one hundred and seventy-five dollars to cover expenses which he had incurred in clearing the land and for one hundred and fifty dollars, the value of a cabin which he had built upon it. He did not assert a right to detain the property until this amount should be paid him. The district judge in his judgment says the case was tried upon the issue joined, which evidently did not involve the question of ownership. The allegation therefore that the value of the tract in question was twenty-five hundred dollars ceased to be material as a test of jurisdiction.

The only question between the parties relates to possession and the incidental rights of the plaintiffs and the defendant arising therefrom under the state of facts pleaded and disclosed. Relators themselves fixed the value of possession at three hundred and fifty dollars per year. They obtained judgment for that sum as the amount due them, and on appeal they prayed, so far as that question was concerned, that the judgment appealed from should be affirmed. We have recently had occasion to refer to the difference as affecting the question of jurisdiction between the value of the ownership of a thing and the value of the possession of the same thing. *In re* Genella, 46 An., *post.*

The course pursued by the relators in the Circuit Court showed a correct appreciation of the issues involved in the case and the value of the "matters in dispute." Whether we consider the two proceedings separately or together, the matters in dispute were clearly within the appellate jurisdiction of the Circuit Court of Appeals.

For the reasons herein assigned, it is ordered, adjudged and decreed that the orders and writ hereinbefore issued be set aside, and that the petition for the nullity of the proceedings be refused at relators' costs.